IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARLON BEAL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>　　　　Defendant, | Case No.:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES, Plaintiff MARLON BEAL ("Plaintiff") by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP. ("First Advantage" or "Defendant"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action under 15 U.S.C. § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA") for actual and statutory damages, punitive damages, costs, and reasonable attorneys' fees against Defendant.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681(p).

3. Venue in this district is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28 U.S.C. § 1391b(3) because the Defendant regularly conducts business in this district and has a corporate headquarters in this district.

## PARTIES AND SERVICE

**Plaintiff Marlon Beal**

4. Plaintiff is a resident of Kenton County, Kentucky.

5. At all times material hereto, Plaintiff is a "Consumer," as defined under 15 U.S.C. § 1681a(c).

**Defendant First Advantage Background Services Corp.**

6. Defendant First Advantage is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f). Defendant conducts substantial and regular business activities in this district with its headquarters located in this district. Defendant may be served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

7. At all times material hereto, Defendant First Advantage is a Consumer Reporting Agency who regularly engages in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports to third parties as said term is defined under 15 U.S.C. § 1681d.

## FACTUAL ALLEGATIONS

8. In or around October 2024, Plaintiff applied for employment with GXO Enterprise Services LLC (the "Employer").

9. On October 23, 2024, Defendant First Advantage Published its background check report on Plaintiff to the employer (the "Report").

10. In its Report, Defendant First Advantage falsely and erroneously published that Plaintiff had been charged and convicted of a felony (the "Charge"). The following Charge was erroneously reported to Plaintiff's Background Report as a felony charge.

      a. Giving an Officer False Identifying Information

11. Plaintiff was not charged or convicted of a felony for the above stated charge.

12. Plaintiff was charged with and guilty of a Class B Misdemeanor related to the charge. A true and exact copy of the Court Records is attached hereto as **Exhibit "A".**

13. On November 08, 2024, the Employer sent Plaintiff a letter stating that Plaintiff was no longer able to be considered for further employment opportunity due to the information provided by Defendant. It is stated in the denial letter, "In evaluating your application, the consumer reporting agency listed below provided us with the information which, in whole or in part, influenced our employment decision." A true and exact copy is attached hereto as **Exhibit "B".**

14. Defendant First Advantage falsely and erroneously published an incorrect record to Plaintiff's Report.

15. In or around May 30, 2024, Plaintiff sent a letter to First Advantage disputing the publication of the Charges on Plaintiff's Report by First Advantage.

16. Due to Defendant First Advantage's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy, Plaintiff suffers from employment denials, injury to his reputation, exasperation of time to fix the erroneous Report published by First Advantage, undue stress trying to correct the Report, loss of wages, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

17. Defendant First Advantage willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

## FIRST CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant First Advantage

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

19. This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et. seq.*

20. Defendant First Advantage violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files that Defendant First Advantage maintained concerning Plaintiff.

21. Defendant First Advantage has negligently failed to comply with the FCRA. The failure of First Advantage to comply with the FCRA includes but is not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Inflection to delete;

   c. The failure to take adequate steps to verify information Inflection had reason to believe was inaccurate before including it in the credit report of the consumer.

22. As a result of the conduct, action and inaction of Defendant First Advantage, Plaintiff suffered damage by loss of employment opportunities; loss of time and money trying to establish that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records; damage to his reputation; undue stress exerted trying to fix the erroneous Report;

loss of capacity for enjoyment of life; and the mental and emotional pain, anguish, humiliation, and embarrassment of a false or erroneous background check report.

23.     The conduct, action and inaction of Defendant First Advantage was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

24.     Plaintiff is entitled to recover reasonable costs and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## SECOND CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 U.S.C. § 1681e(b) as to Defendant First Advantage

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

26.     This is an action for willful violation of the FCRA 15 U.S.C. § 1681 et. seq.

27.     Defendant First Advantage violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files that Defendant First Advantage maintained concerning Plaintiff.

28.     Defendant First Advantage has willfully failed to comply with the FCRA. The failure of First Advantage to comply with the FCRA include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised First Advantage to delete;

   c. The failure to take adequate steps to verify information First Advantage had

reason to believe was inaccurate before including it in the credit report of the consumer.

29. As a result of the conduct, action and inaction of Defendant First Advantage, Plaintiff suffered damage by loss of employment opportunities; loss of time and money trying to establish that the criminal record was reported inaccurately; damage to his reputation; undue stress exerted trying to fix the erroneous Report; loss of sleep; loss of capacity for enjoyment of life; and the mental and emotional pain, anguish, humiliation, anxiety, fear, frustration and embarrassment of a false or erroneous background check report.

30. The conduct, action and inaction of Defendant First Advantage was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

31. Plaintiff is entitled to recover reasonable costs and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

## DEMAND FOR TRIAL BY JURY

32. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgement against Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from Defendant;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from Defendant;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from Defendant;

4. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3) and

15 U.S.C.§ 1681o(a)(2); and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**Dated:** January 23, 2025

Respectfully Submitted,
**JAFFER & ASSOCIATES, PLLC**

By: */s/ Shawn Jaffer*
**Shawn Jaffer**
State Bar No. 156625
14355 Cogburn Rd
Alpharetta, GA 30004
Tel:   (469) 589-5605
Fax:   (469) 669-0786
Email: national@jaffer.law
*Attorneys for Plaintiff*

IN WITNESS WHEREOF, this Agreement is executed as of the date and year first indicated above.

*Brandi Stancu*
Brandi Stancu

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document.

STATE OF Texas )
COUNTY OF Dallas )

Subscribed and sworn to (or affirmed) before me on this 21 day of January, 20 25, by driver's license, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

My commission expires:



*SBinkley*
Notary Public

Experian Information Solutions, Inc.,
an Ohio corporation

By: _____
    Ann Sterling

Vice President and Associate General Counsel,
Experian North America